UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ARLENE A. BOST )
)
v. ) NO. 2:04-CV-401
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

# MEMORANDUM OPINION

The plaintiff Arlene A. Bost has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Bost was born in 1955 and was 47 years old at the time of her administrative hearing. [Tr. 205]. She completed high school and has relevant past work experience as an inventory clerk, vending working, fast food worker, cashier, and census worker. [Tr. 31, 205]. Ms. Bost alleges she is disabled as of July 2000, from peripheral neuropathy and swollen legs. [*Id*.]. Based upon a finding that her impairment was severe but not severe enough, the Administrative Law Judge [ALJ] found that Ms. Bost was not disabled as defined by the Social Security Act. [Tr. 33].

At Ms. Bost's administrative hearing held on December 10, 2002, the testimony of Ms. Bost and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 204-18]. Ms. Bost was unrepresented at the hearing. [Tr. 203]. Ms. Bost testified her past work included working as a census taker, grocery store cashier, restaurant cook, lunchroom worker, and inventory counter. [Tr. 207-09]. Ms. Bost's primary complaint was that she suffers from neuropathy; a constant tingling in her feet and legs. [Tr. 210]. She indicated she smoked a pack of cigarettes a day and had ceased drinking alcohol about five years ago. [Tr. 211].

Vocational expert Dr. Robert Spangler testified next. [Tr. 214-18]. According to the doctor, Ms. Bost's past relevant work ranged from light and unskilled to medium semiskilled. [Tr. 215]. The vocational expert was then asked to assume a person of Ms. Bost's age, education, and past relevant work experience who had the physical residual functional capacity [RFC] of occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, standing/walking about two hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday. [Tr. 165, 216]. Such a person, according to the vocational expert, would be able to perform somewhere between less than a full range of light and a full range of sedentary work. [Tr. 216]. Some positions fitting that range include cashier, information clerk, library clerk, record clerk, shipping and receiving clerk, inventory clerk, auditing clerk, and

2

credit investigator. [Tr. 217]. The vocational expert was next asked to apply Ms. Bost's testimony at the hearing to this hypothetical person and to assume that her testimony was credible and reliable. [Tr. 218]. The vocational expert testified in that situation, there would not be any jobs such a person could perform. [*Id*.].

The ALJ ruled that Ms. Bost was not disabled because the medical evidence indicated Ms. Bost's peripheral neuropathy was severe but not severe enough. [Tr. 33]. The ALJ then found that she retained the RFC to perform less than a full range of light work. [Tr. 34]. Finally, the ALJ noted there was work in significant numbers that Ms. Bost could perform. [*Id*.].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Bost requests a judgment on the pleadings and contends the ALJ failed to properly evaluate her subjective allegations. The ALJ indicated that Ms. Bost's "allegations of pain and other symptoms [were] not credible or supported by the overall medical evidence of record." [Tr. 35]. He noted that her pain was much improved with medication and that she provides care for her mother. [Tr. 34]. In addition, the ALJ pointed out Ms. Bost's inconsistencies regarding her alcohol consumption. [Tr. 35]. The ALJ's determination that Ms. Bost's credibility was questionable was supported by substantial evidence. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Finally and in the alternative, Ms. Bost requests that her case be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405 (g) for a look at new evidence. This court may remand the case to the Commissioner upon a showing by Ms. Bost that this new evidence is material to her case and that there was good cause for her failure to include this evidence earlier. 42 U.S.C. § 405 (g). Evidence is new only when it was not in existence *and* not available prior to an ALJ's decision. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Evidence is material if there is a reasonable probability the ALJ would have reached a different decision had the additional evidence been presented. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

4

2001).

 Ms. Bost asks this court to consider new evidence from Dr. Bruce Vincent in addition to the fact that she was unrepresented at her administrative hearing. According to letters from Dr. Vincent from December 2001 and August 2002, Ms. Bost was unable to work. [Tr. 192-93]. Pursuant to 20 C.F.R. § 404.1527 (e), however, the statement from a medical source that someone is unable to work is not to be given any special significance. Therefore, this new evidence is not material. Regarding being unrepresented, Ms. Bost argues the ALJ erred by failing to "scrupulously and conscientiously probe" into any additional medical evidence that might exist in her case, especially a recently injured arm. The problem with this line of thinking is two-fold. First, Ms. Bost's injured arm had been out of a splint for two months prior to the administrative hearing. [Tr. 12-26]. To imply the ALJ erred by not asking specifically about an injury he was unaware of is ludicrous. In addition, the ALJ plainly asked Ms. Bost if there was "anything else [she] would like to tell [him] today," to which she replied, "No, sir." [Tr. 213]. Again, this evidence is not material. Based on the foregoing, Ms. Bost's request for a remand is denied.

 After careful consideration of the entire record of proceedings related to this case, Ms. Bost's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be

5

dismissed.

An appropriate order will follow.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

6